IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREN TICHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:18-cv-01959 |
| HYATT HOTELS CORPORATION; | ) |
| HILTON WORLDWIDE HOLDINGS, INC.; | ) Judge Rebecca R. Pallmeyer |
| INTERCONTINENTAL HOTELS GROUP, | ) |
| PLC; MARRIOTT INTERNATIONAL, | ) Magistrate Judge M. David Weisman |
| INC.; CHOICE HOTELS | ) |
| INTERNATIONAL, INC.; and WYNDHAM | ) |
| WORLDWIDE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**THE PARTIES' JOINT MOTION TO DEFER THE COLLECTION AND
PRODUCTION OF HARD COPY DOCUMENTS AND ESI UNDER PARAGRAPHS C(1)
AND C(2) OF THE STANDING ORDER REGARDING
MANDATORY INITIAL DISCOVERY PILOT PROJECT**

Plaintiff, Karen Tichy, and Defendants Hyatt Hotels Corporation, Marriott International, Inc., Choice Hotels International, Inc., Wyndham Worldwide Corporation, Hilton Domestic Operating Company, Inc. and Six Continents Hotels, Inc. (collectively, "the parties"), by and through their counsel, hereby jointly move the Court to enter an Order providing certain limited and specific relief from the Court's Standing Order Regarding Mandatory Initial Discovery Pilot project ("MIDP"), namely, deferring the parties' obligations to collect and produce hard copy documents and ESI under Paragraphs C(1) and C(2) until the Court rules on Defendants' anticipated motion to dismiss the putative antitrust Class Action Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"). In support of their Motion, the parties state as follows:

1. On March 19, 2018, Plaintiff filed a putative antitrust class action naming six major hotel chains. The Complaint alleges that, from 2015 to the present, Defendants conspired to restrain bidding for "branded keyword searches" on third-party search engines, and asserts two counts alleging violations of Section 1 of the Sherman Act, 15 U.S.C. § 1. (Compl. ¶¶ 13-14).

2. On April 5, 2018, the Court granted an Agreed Motion for an Extension of Time to Respond to the Complaint filed by certain of the defendants, providing that a response is due by May 24, 2018. (Dkt. #25). The Court granted a similar motion for Defendant Hilton Domestic Operating Company, Inc. on April 16, 2018. (Dkt. #44).

3. Defendants intend to move to dismiss the Complaint for failure to state a claim. (Defendants will strive to file a joint motion to dismiss to address common arguments to the extent practicable.) Among other things, Defendants will argue that the factual allegations in the Complaint are insufficient to state a plausible claim of conspiracy under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff expects to oppose any such motions to dismiss.

4. The parties seek entry of an Order that is narrowly tailored to defer only their obligations under Paragraphs C(1) and C(2) of the MIDP. Paragraphs C(1) and C(2) require that the parties collect and produce hard copy documents and ESI that they believe may be relevant to any party's claims or defenses, as outlined in Paragraph B(3), within forty (40) days after serving their initial response.

5. The parties do not seek relief from any of the other MIDP requirements and plan to engage in the expeditious discovery process required by the MIDP. As such, Defendants will answer the Complaint at the same time they move to dismiss, and the

parties will serve timely their initial disclosures required by Paragraphs B(1) through B(6) of the MIDP. (Defendants reserve the right to raise additional objections to the scope of any documents that may later be requested, including as a result of customer confidentiality and/or privacy issues.)

6. To further ensure that discovery can proceed quickly if the Court were to deny the motions to dismiss, the parties propose that, while the motions to dismiss are pending, the parties negotiate a confidentiality agreement to govern discovery in this case and an ESI Discovery Protocol setting guidelines and technical specifications for productions of ESI to the extent document discovery later proceeds.

7. Defendants state that the proportionality considerations addressed in Fed. R. Civ. P. 26(b)(1) should be considered in the conduct of discovery in this matter. Given the complex nature and breadth of the case, the large number of parties involved, and the potentially voluminous ESI to be collected, searched, and reviewed, producing relevant documents within forty (40) days after Defendants serve their initial response would be, in the best case scenario, an enormous and difficult undertaking for Defendants. Among other things, the parties would need to: (1) discuss information sources, database capabilities, data and document retention policies, and practices and technology use policies; (2) meet and confer regarding the use of any technology assisted review, custodians, search terms, and ESI date ranges; and (3) review documents (including ESI) for responsiveness and privilege. This work will be costly, time-consuming, and intrusive, and none of it will be necessary if the Court grants the motions to dismiss. It also avoids the risk of forcing Defendants to produce some of their most commercially sensitive and proprietary documents and

information related to marketing and pricing practices until Plaintiff has been found to have stated a viable claim. Moreover, until the Court decides the motions to dismiss, the scope of the litigation, if it remains pending, will not be certain, and thus Defendants may need to repeat certain of their efforts to identify, collect, review, and produce relevant documents.

8. Defendants thus find well-reasoned those decisions in which courts have stressed the importance of resolving motions to dismiss before permitting far-reaching antitrust discovery to commence. *See Twombly*, 550 U.S. at 558 ("proceeding to antitrust discovery can be expensive" and "it is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence to support a § 1 claim") (internal quotation marks omitted); *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625–26 (7th Cir. 2010) ("*Twombly* . . . is designed to spare defendants the expense of responding to bulky, burdensome discovery unless the complaint provides enough information to enable an inference that the suit has sufficient merit to warrant putting the defendant to the burden of responding to at least a limited discovery demand. When a district court by misapplying the *Twombly* standard allows a complex case of extremely dubious merit to proceed, it bids fair to immerse the parties in the discovery swamp . . . and by doing so create irrevocable as well as unjustifiable harm to the defendant") (internal citations and quotation marks omitted); Manual for Complex Litigation (Fourth) ¶ 11.41 at 86 ("fundamental to controlling discovery is directing it at material issues in controversy").

9. Because of the complex issues, number of defendants, and potentially significant discovery demands in this putative class action case, there is good cause for the Court to defer the parties' deadline to collect and produce hard copy documents and ESI under Paragraphs C(1) and C(2) until after the Court has ruled on Defendants' anticipated motion to dismiss. The Court has "the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate." *See, e.g., Doe v. City of Chicago,* 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005); *see also Strauss v. City of Chicago, et. al*, No.: 1:17-cv-05348 (N.D. Ill. Nov. 2, 2017) (Pallmeyer, J.) (deferring responsive pleading deadline pending resolution of motion to dismiss); *Desmond v. Taxi Affiliation Servs., et. al*, No.: 1:17-cv-08326 (N.D. Ill Feb. 22, 2018) (Lee, J.) (deferring ESI discovery under the MIDP pending resolution of motion to dismiss).

10. The interests of justice weigh strongly in favor of the Court exercising its inherent power to defer the parties' document production obligations in this action. Deferring the production deadlines will promote efficiency for the Court and the parties by saving significant burden and expense until necessary. This Motion will not cause undue or unfair delay to this action or unfair prejudice to any party.

WHEREFORE, in the interests of justice, fairness and judicial economy, the parties respectfully request the Court enter an Order: (1) granting the Motion to Defer the Production of Hard Copy Documents and ESI Under Paragraphs C(1) and C(2) of the MIDP until a reasonable time after the Court rules on their anticipated motion to dismiss; and (2) for such further relief as this Court deems just and equitable.

Dated: May 3, 2018

Respectfully submitted,

| | |
|---|---|
| /s/ Steve W. Berman (with consent) <br> Steve W. Berman <br> HAGENS BERMAN SOBOL SHAPIRO LLP <br> 1918 Eighth Avenue, Suite 3300 <br> Seattle, WA 98101 <br> Telephone: (206) 623-7292 <br> Facsimile: (206) 623-0594 <br> steve@hbsslaw.com <br><br> Elizabeth A. Fegan <br> HAGENS BERMAN SOBOL SHAPIRO LLP <br> 455 Cityfront Plaza Drive, Suite 2410 <br> Chicago, IL 60611 <br> Telephone: (708) 628-4949 <br> Facsimile: (708) 628-4950 <br> Email: beth@hbsslaw.com <br><br> *Counsel for Plaintiff and the Proposed Class* | /s/ Zachary Fardon <br> Zachary Fardon (IL Bar No. 6292156) <br> KING & SPALDING LLP <br> 444 W Lake Street <br> Suite 1650 <br> Chicago, IL 60606 <br> Telephone: (312) 995-6333 <br> Facsimile: (312) 995-6330 <br> zfardon@kslaw.com <br><br> Jeffrey S. Cashdan (IL Bar No. 6203950) <br> KING & SPALDING LLP <br> 1180 Peachtree Street, NE <br> Atlanta, GA 30309 <br> Telephone: (404) 572-4600 <br> Facsimile: (404) 572-5100 <br> jcashdan@kslaw.com <br><br> *Attorneys for Six Continents Hotels, Inc.* <br><br> /s/ J. Robert Robertson (with consent) <br> J. Robert Robertson (IL Bar No. 6204009) <br> HOGAN LOVELLS US LLP <br> 180 N. Stetson Ave., Suite 3500 <br> Chicago, IL 60601 <br> Telephone: (312) 291-9495 <br> Facsimile: (202) 637-5910 <br> robby.robertson@hoganlovells.com <br><br> Justin Bernick *(pro hac vice pending)* <br> Kimberly Rancour *(pro hac vice pending)* <br> HOGAN LOVELLS US LLP <br> Columbia Square <br> 555 Thirteenth Street, N.W. <br> Washington, DC 20004 <br> Telephone: (202) 637-5600 <br> Facsimile: (202) 637-5910 <br> justin.bernick@hoganlovells.com <br> kimberly.rancour@hoganlovells.com <br><br> *Attorneys for Choice Hotels International, Inc.* |

6

/s/ Carrie C. Mahan (with consent)
Carrie C. Mahan (IL Bar No. 459802)
carrie.mahan@weil.com
Weil Gotshal & Manges LLP
1300 Eye Street, N.W.
Washington, D.C. 20005
(202) 682-7000

Stephen J. Siegel (IL Bar No. 6209054)
ssiegel@novackmacey.com
Brian E. Cohen (IL Bar No. 6303076)
bcohen@novackmacey.com
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

*Counsel for Hilton Domestic Operating Company, Inc.*

/s/ Sean M. Berkowitz (with consent)
One of the Attorneys for Defendant
Hyatt Hotels Corporation

Sean M. Berkowitz (ARDC No. 6209701)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 933-9767

Christopher S. Yates (*pro hac vice pending*)
chris.yates@lw.com
Brendan A. McShane (*pro hac vice pending*)
brendan.mcshane@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

*Attorneys for Hyatt Hotels Corporation*

7

By: /s/ Shari Ross Lahlou (with consent)
Shari Ross Lahlou (admitted *pro hac vice*)
Jeffrey L. Poston (admitted *pro hac vice*)
Luke van Houwelingen (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tele: 202-624-2500
Fax: 202-628-5611

Adam A. Kelly
Andrew R. DeVooght
John A. Cotiguala
Loeb & Loeb LLP
321 North Clark Street, Suite 2300
Chicago, IL 60654
Tele: (312) 464-3100
Fax: (312) 873-4187

*Attorneys for Defendant Marriott International, Inc.*

/s/ Paula J. Morency (with consent)
Paula J. Morency
Ann H. MacDonald
Michael K. Molzberger
SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5500
Email: pmorency@schiffhardin.com

Robert J. Wierenga
SCHIFF HARDIN LLP
350 South Main Street
Suite 210
Ann Arbor, MI 48104
(734) 222-1507
Email: rwierenga@schiffhardin.com

*Attorneys for Wyndham Worldwide Corporation*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on May 3, 2018, he caused a true and correct copy of the foregoing ***The Parties' Joint Motion to Defer the Collection and Production of Hard Copy Documents and ESI Under Paragraphs C(1) and C(2) of the Standing Order Regarding Mandatory Initial Discovery Pilot Project*** to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system.

*/s/ Zachary Fardon*